UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JEFFREY SAGE,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY, CITY OF REDDING, REDDING POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:16-cv-0982 AC PC<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This proceeding was referred to the undersigned by Eastern District of California Local Rule 302(c)(21).

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"). Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

1. SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1    Plaintiff must assist the court in making this determination by drafting his complaint so
2    that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the
3    reason the case is filed in this court, rather than in a state court), as well as a short and plain
4    statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what
5    way. Plaintiff's claims must be set fort simply, concisely and directly. See Federal Rule of Civil
6    Procedure 8. The Federal Rules of Civil Procedure are available online at
7    www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.
8    Forms are also available to help pro se plaintiffs organize their complaint in the proper way.
9    They are available online at www.uscourts.gov/forms/pro-se-forms.

10    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11    Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
12    court will (1) accept as true all of the factual allegations contained in the complaint, unless they
13    are clearly baseless or fanciful, (2) construe these allegations in the light most favorable to the
14    plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 480 U.S. at 327;
15    Erickson v. Pardus, 551 U.S. 89, 94-95 (2007); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir.
16    2010). However, the court need not accept as true legal conclusions cast in the form of factual
17    allegations, or allegations that contradict matters properly subject to judicial notice. See Western
18    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,
19    266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001), nor is it "required to accept legal
20    conclusions case in the form of factual allegations if those conclusions cannot reasonably be
21    drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752-754-755 (9th Cir.
22    1994).

23    Pro se pleadings are held to a less stringent standard than those drafted by lawyer. Haines
24    v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be
25    dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his
26    claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A
27    pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity amend,
28    unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809

F.2d 1446, 1448 (9th Cir. 1987); see also Lopez v. Smith, 203 F.3d 1122, 1127 (2000).

## II.  THE COMPLAINT

The following description assumes, for purposes of this screening only, the truth of the allegations of the complaint.  On May 20, 2015, plaintiff had a "slight altercation with a mailman."  Two police officers arrived, yelling at him to get down, put up his hands, drop what he was holding -- which was two bottles, one containing whiskey and one containing water.  Plaintiff was initially confused by the two officers shouting orders at him simultaneously and so he didn't respond immediately.  One twisted his arm and he was told to "quit resisting" or he'd get "sprayed."  Plaintiff was thrown down and pepper-sprayed several times, struck with batons on his arms and legs, and kicked in the back and ribs as the officers continued to yell at him to "quit resisting."  Panicked by the assault, plaintiff yelled back at the officers repeatedly asking them to stop hitting him, but to no avail.  Additional officers arrived in police cars and a group of onlookers filmed the actions taking place some of which later were broadcast on a local news station.  One of the officers also stated that she was filming the scene.  Ultimately he was placed in one of the police cars and conveyed to a hospital where he remained handcuffed and leg-restrained and the officers continued to keep their hands on him while his wounds and cuts were treated before he was transported to jail and placed in a holding cell.  Plaintiff asserts that the officers had no reasonable suspicion he was engaged in wrongdoing nor probable cause to arrest him.

The complaint names the County of Shasta, the City of Redding, and the Redding Police Department.  Although specific officers are named in the body of the complaint, they are not named as defendants.

## III.  ANALYSIS

For screening purposes, the complaint states facts that support cognizable Section 1983 (42 U.S.C. § 1983) claims for the use of unreasonable force in effecting plaintiff's arrest, and invading his security and privacy.  However, the complaint is deficient in that these claims are not stated against defendants who can be liable for the alleged violations.

Shasta County, the City of Redding, and the Redding Police Department are the only

1    named defendants.  They cannot be held liable under Section 1983 based upon the actions of the
2    individual officers, as that would require the imposition of "vicarious liability" upon the
3    municipal defendants named, and they cannot be held responsible for the actions of their
4    employees.  See Connick v. Thompson, 563 U.S. 51, 60 (2011).  These defendants can be held
5    liable only for the harm caused by their own actions and policies.  Id.; see also Monell v. Dep't of
6    Soc. Servs. Of City of New York, 436 U.S. 658, 690 (1978).  Therefore, "to prevail on a claim
7    against a municipal defendant or police department the plaintiff must allege facts showing:  (1)
8    that he was deprived of [his] constitutional rights by defendants and their employees acting under
9    color of state law; (2) that the defendants have customs or policies which amount to deliberate
10   indifference to [specifically identified] constitutional rights' and (3) that these policies [were] the
11   moving force behind the constitutional violations."  Gant v. County of Los Angeles, 772 F.2d
12   608, 617 (8th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001)).

13         One way the "customs or policies" requirement can be satisfied is if plaintiff can
14   truthfully allege facts showing that he was harmed by the municipal defendants' custom or policy
15   of conducting inadequate "training or supervision," where that training or supervision "is
16   sufficiently inadequate as to constitute 'deliberate indifference' to the right[s of persons" with
17   whom its officers come into contact.  Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir.
18   1989) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)).  The requirement can also be
19   satisfied if plaintiff can show that the municipal defendants ratified the officers' allegedly
20   unconstitutional conduct.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (section
21   1983 claim may be made out by acquiescence in a longstanding practice or custom which
22   constitutes the "standard operating procedure" of the local governmental entity).  Plaintiff's
23   complaint alleges no such facts against the municipal defendants and, therefore, the complaint
24   fails to state a claim against them.  Neither does plaintiff specifically name the officers who are
25   identified by name and alleged to have inflicted his injuries while engaging in unconstitutional
26   behavior in the body of his complaint.
27   ////
28   ////

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF 2, is GRANTED.

2. Plaintiff's Complaint is dismissed without prejudice for failure to state a cognizable claim.

3. Plaintiff may now proceed to amend his complaint to allege proper causes against the municipal defendants within 30 days of the service of this Order.  He is not obligated to do so, but if he chooses to do so the amended complaint will also be subject to screening.

4. Plaintiff may elect to name the specific officers mentioned in the body of his complaint, but not presently identified as defendants.  If he does so, he must state what actions the individually named officers took that he contends were violations of his federal constitutional rights.  Again, he is not obligated to so amend, but if he chooses to do so he must file that amended complaint within 30 days of the service of this order and any such amended complaint will be subject to screening.

5. Failure to comply with this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: May 25, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5