UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JEFFREY SAGE,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY, CITY OF REDDING, REDDING POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:16-cv-0982 AC PC<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding in pro se, filed his original civil rights complaint and a request to proceed in forma pauperis on May 9, 2016. ECF Nos. 1, 2. Plaintiff was granted in forma pauperis (IFP) status, and upon screening his complaint was dismissed with leave to amend. ECF No. 5. Plaintiff timely filed a First Amended Complaint on June 17, 2016. ECF No. 6.

I.   SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting the Complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

1  reason the case is filed in this court, rather than in a state court), as well as a short and plain
2  statement showing that plaintiff is entitled to relief (that is, who harmed plaintiff, and in what
3  way).  Plaintiff's claims must be set forth simply, concisely and directly.  See "Rule 8" of the
4  Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are
5  available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-
6  rules-civil-procedure.  Forms are also available to help a pro se plaintiff organize the Complaint
7  in the proper way.  They are available online at www.uscourts.gov/forms/pro-se-forms .

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing plaintiff's Complaint under this
10 standard, the court will (1) accept as true all of the factual allegations contained in the Complaint,
11 unless they are clearly baseless or fanciful, (2) construe those allegations in the light most
12 favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S.
13 at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art
14 at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

15       However, the court need not accept as true, legal conclusions cast in the form of factual
16 allegations, or allegations that contradict matters properly subject to judicial notice.  See Western
17 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,
18 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

19       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
20 Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
21 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
22 of the claim which would entitle plaintiff to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th
23 Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
24 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
25 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

26                            II.       THE AMENDED COMPLAINT
27       Plaintiff sues the County of Shasta, the City of Redding, the Redding Police Department,
28 and six named individuals (Officers Hunt, Little, Konkeoviman, Williams, and Cowan, and Sgt.

Maready) for the alleged use of excessive force on May 20, 2015.  Plaintiff alleges that on that date, police responded to a "slight altercation" that plaintiff had with a mailman.  The first two officers to arrive on the scene forced plaintiff to the ground and pepper sprayed him in the face several times, causing pain and difficulty breathing.  The officers struck and kicked plaintiff while he lay on the ground in handcuffs.  The handcuffs were so tight that they caused great pain.  Other officers arrived, and joined in the beating.  Plaintiff was roughly placed in a police car, but shortly thereafter was dragged from the vehicle by two officers who "slammed" him from a standing position to face-down in the street.  The handcuffs were re-applied even more tightly, and plaintiff was again beaten as he lay on the ground.  Plaintiff was hog-tied, and the beating continued.  A crowd gathered and onlookers called on the officers to not be so rough.  Plaintiff was accused of spitting and a "spit hood" was placed over his head, which made it harder to breathe.  One officer repeatedly ground plaintiff's face into the asphalt while grinding his knee into plaintiff's temple.  Plaintiff almost lost consciousness, and feared for his life.  The officers put plaintiff back in the police car, and took him directly to the hospital where he was treated for his wounds.  The officers used pain compliance techniques during the entire 4 hours that plaintiff was in their custody.  When plaintiff was taken from the hospital to the jail, he was "pulled" and "yanked" and "carried" to a holding cell.  As officers removed plaintiff's restraints, they threatened to "taze [him]" before finally leaving him alone.  ECF No. 6 at 4-10.

### III.   ANALYSIS

A.  <u>Plaintiffs' Section 1983 Civil Rights Claim(s)</u>

    1.  <u>Fourth Amendment Excessive Force Standards</u>

An excessive force claim arising in the context of an arrest invokes the protections of the Fourth Amendment.  <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989).  "An objectively unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's prohibition against unreasonable seizures."  <u>Torres v. City of Madera</u>, 648 F. 3d 1119, 1123-24 (9th Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1032 (2012).  The facts alleged in the complaint, assumed to be true for purposes of screening, are sufficient to present a cognizable Fourth Amendment

////

1  claim.  However, the complaint does not adequately state that claim against any particular

2  defendant, for the reasons that follow.

3        2.   Individual Liability Under § 1983

4      There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or

5  connection between an individual defendant's actions and the claimed constitutional violation.

6  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

7  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  For this reason, the complaint must allege

8  in specific terms how each named defendant is involved.  Vague or conclusory allegations of

9  official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

10  673 F.2d 266, 268 (9th Cir. 1982).

11      The original complaint did not identify any individual defendants, ECF No. 1, and

12  plaintiff was informed that he must do so.  ECF No. 5.  The amended complaint does name

13  individual officers.  ECF No. 6 at 1(caption), 2 (section III of form complaint).  However, the

14  factual allegations of the amended complaint, which are identical to those of the original

15  complaint, do not link any of the named defendants to any of the specific acts alleged to have

16  violated plaintiff's rights.  Id. at 3-10.  In order to state a claim against any individual, plaintiff

17  must specify that person's role in the alleged assault.  The statement of the claim must explain

18  what each named defendant did to violate plaintiff's right to be free from excessive force.

19        3.   Supervisory and Municipal Liability Under § 1983

20      Neither the county, nor the city, nor the police department can be liable under § 1983 for

21  the acts of the officers alone, as that would be "vicarious liability."  See Connick v. Thompson,

22  563 U.S. 51, 60 (2011) (municipal defendants "are not vicariously liable under § 1983 for their

23  employees' actions").  To prevail on a claim against a municipal defendant or police department,

24  plaintiff must allege facts showing: (1) that he was deprived of his constitutional rights by

25  defendants and their employees acting under color of state law; *and* (2) that the municipal

26  defendants have *customs or policies* which amount to deliberate indifference to specifically

27  identified constitutional rights; and (3) that these policies were the *moving force* behind the

28  constitutional violations.  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001)

(emphasis added). The "customs or policies" requirement can be satisfied by training or supervision that is so inadequate as to demonstrate deliberate indifference to the rights of arrestees. See Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

Plaintiff has previously been advised of these requirements for municipal liability. ECF No. 5 at 4:1-12. Rather than adding allegations regarding an unconstitutional policy or failure to train, however, the amended complaint alleges that the individual officers "violated the rules & regulations of the Shasta County Police Department [sic] regarding the policies & the use of excessive force." ECF No. 6 at 3. It appears therefore that plaintiff does not wish to proceed against the city and county defendants.

If the individual officers in fact violated applicable departmental policies, they would be individually liable for any constitutional violation they caused. If plaintiff believes this to be the case, as it appears he does, he should drop the county, city and police department from his lawsuit and proceed against the individual defendants only.

If, on the other hand, plaintiff believes that the county, city and/or police department caused the alleged constitutional violations through their policies, procedures, or training practices, and wishes to maintain suit against them on that basis, he must specify (1) what the defective policies, procedures, or training practices are, and (2) how they caused the alleged constitutional violations.

B. Plaintiff's Putative State Law Claims

Plaintiff seeks, among other forms of relief, "money damages under state tort law." ECF No. 6 at 3. Under California law, the timely presentation of a claim under the California Tort Claims Act ("the Act") is a condition precedent to any action against a local public entity and/or employee of such an entity. Cal. Govt. Code §§ 900.4, 905, 911.2. Compliance with this requirement is, therefore, a necessary element of a state law claim that must be pled in the complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 215 (2007); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not pleaded compliance with the Act.

////

5

Under the Act, plaintiff must file a claim within 6 months of the date of the accrual of his cause of action. Cal. Govt. Code § 911.2. Because plaintiff's injury occurred on May 20, 2015, his claim was due by November 20, 2015. A claimant may seek permission to file a late claim within a reasonable time *not to exceed one year* after accrual of the claim. Id. at § 911.4(a). The time for this action would have expired on May 20, 2016.

Plaintiff can only seek recovery under California law if he can truthfully allege that he filed a claim with the local entities in compliance with these deadlines. Karim-Panahi, 839 F.2d at 627. Absent such allegations, the putative state law claim(s) must be dismissed because they fail to state a claim upon which relief may be granted. Id. If plaintiff believes that he has in fact satisfied the California Tort Claims Act, he may amend to add the necessary allegations demonstrating compliance. If he cannot truthfully allege compliance, he may elect to proceed under 42 U.S.C. § 1983 only, by omitting his references to state law in the amended complaint.

CONCLUSION

For the reasons explained above, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be granted a second opportunity to amend his complaint, and should do so in light of the information provided in this order regarding the additional factual allegations (statements of fact) that are required in order to state a claim against individual officers and/or against local public entities.

Accordingly, it is hereby ordered as follows:

1. The First Amended Complaint, ECF No. 6, is hereby DISMISSED; and
2. Plaintiff is granted leave to file a Second Amended Complaint within 30 days. Plaintiff is cautioned that failure to timely amend the complaint may result in a recommendation that this action be dismissed.

DATED: October 5, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE