UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JEFFREY SAGE,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY, CITY OF REDDING, REDDING POLICE DEPARTMENT, et al,<br><br>Defendants. | No. 2:16-cv-0982 AC PS<br><br><br>ORDER |

    The Second Amended Complaint, ECF No. 10, is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff commenced this civil rights action on May 9, 2016, with the filing of the initial complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. On screening, the court dismissed the complaint with leave to amend. ECF No. 5. Plaintiff filed his First Amended Complaint on June 17, 2016, but that Complaint was also dismissed on October 6, 2016, with leave to amend. ECF No. 8. Plaintiff timely filed his Second Amended Complaint on November 2, 2016. ECF No. 10. Plaintiff sues the County of Shasta, the City of Redding, the Redding Police Department, and six (6) individual officers: Officers Hunt, Little, Konkeoviman, Williams and Coan, and Sergeant Maready. Id.

    Pursuant to 28 U.S.C. § 1915(e)(2), the court must screen the Second Amended Complaint for legal frivolousness. A claim is frivolous when it lacks an arguable basis in either law or fact.

1  Nieitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing the complaint under this standard,
2  the court (1) accepts as true all of the factual allegations found in the Complaint unless clearly
3  baseless or fanciful, (2) construes those allegations in the light most favorable to the plaintiff, and
4  (3) resolves all doubts in plaintiff's favor.  Id. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007);
5  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).
6  Applying this standard, the court now finds that plaintiff's action may now proceed on the claims
7  specified below.

CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED

9  Plaintiff describes an incident of excessive force during his arrest on May 20, 2015.  The
10 complaint alleges that after plaintiff had an altercation with a mail deliverer, he was pepper
11 sprayed, handcuffed, beaten and kicked.  He alleges that the resulting injuries required that he be
12 treated in a local hospital, where he remained subject to painful shackling and additional
13 manhandling.  The physical mistreatment allegedly continued until plaintiff was placed in a
14 holding cell after leaving the hospital.

15   I.   Fourth Amendment Excessive Force Claims

16   An excessive force claim that arises in the course of an arrest invokes the protection of the
17 Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 394 (1989).  "An objectively
18 unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's
19 prohibition against unreasonable seizures."  Torres v. City of Madera, 648 F.3d 1119, 1123-1124
20 (9th Cir. 2011), cert. denied, 132 S. Ct. 1032 (2012).  The complaint describes the alleged
21 individual and collective acts of each defendant individually, as well as their collective actions in
22 the course of his arrest and incarceration.  The facts alleged in the Complaint regarding the six (6)
23 named municipal employees are sufficient to present a cognizable Fourth Amendment claim to
24 which these individual defendants must respond.

25   II.   Supervisory and Municipal Liability under 28 U.S.C. Section 1983

26   Neither the County, the City nor the Police Department may be held liable under
27 28 U.S.C. section 1983 for acts independently undertaken by officers in their employ, as that
28 would require imposition of "vicarious liability" which is not cognizable under the Act.

Connick v. Thompson, 563 U.S. 51, 60 (2011).  Plaintiff alleges that he was deprived of his constitutional rights by the municipal defendants and their employees while they were acting under color of state law and pursuant to municipal customs and/or policies the enforcement of which, coupled with inadequate training, amounted to deliberate indifference to his Constitutional rights and those customs and/or policies were the moving force behind the alleged violations.  This is a permissible theory of liability.  See Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001); see also City of Canton v. Harris, 489 U.S. 378, 389-391 (1997).

      A permissible theory, however, is not the same as sufficient facts.  The pleading requirements of Ashcroft v. Iqbal, 556 U.S. 662 (2009), apply to municipal liability claims just as they apply to all other claims.  In Iqbal, the Supreme Court explained that a complaint must include factual content sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This] plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (Internal citations omitted) (citing Bel Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2013)).  Here, plaintiff has alleged only that the municipal defendants failed "to train, supervise, and discipline" its employees which "amounts to deliberate indifference" to plaintiff's constitutional rights.  These conclusory allegations fail to satisfy the pleading requirements explained to plaintiff in this court's earlier order, which informed plaintiff that he must "specify (1) what the defective policies, procedures or training practices are, and (2) how they caused the alleged constitutional violations."  ECF No. 8 at 5:14-18.  The factual allegations of the Second Amended Complaint do not suffice to "raise a reasonable expectation that discovery will reveal evidence" of a custom, practice or policy of those defendants.  Twombly, 550 U.S. at 556.

      Accordingly, plaintiff may not proceed with his action against Shasta County, the City of Redding, and the Redding Police Department at this time, and the action against these defendants will be dismissed without prejudice.  If, during the course of the litigation, plaintiff discovers facts that will allow him to plead in conformity with the requirements noted above, he may seek

leave to amend his complaint. Plaintiff must do so, however, before the close of discovery that will be required by the Scheduling Order to be issued later in the process of this litigation.

In light of the foregoing, IT IS THEREFORE ORDERED that:

1. Shasta County, City of Redding and Redding Police Department are hereby dismissed without prejudice;

2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs.

3. The Clerk of the Court shall send plaintiff one USM-285 form for each of the individually named defendants, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

4. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process on the individual defendants, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

   a. One completed summons for each defendant;

   b. One completed USM-285 form for each defendant;

   c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

   d. One copy of this court's status order for each defendant; and

   e. One copy of the instant order for each defendant.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an

///

1  answer or a responsive motion will not relieve a defendant from the potential obligation to pay
2  the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).
3      7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal,
4  501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.
5      8. Plaintiff's failure to comply with this order may result in a recommendation that this
6  action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and
7  183(a).
8      IT IS SO ORDERED.
9  DATED: November 21, 2016.

*[signature: Allison Claire]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE